IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| TONI KAYE ROMANUS, | ) |
| Plaintiff, | ) No. 1:17-cv-00014-DCN |
| vs. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*,[1] | ) |
| Defendant. | ) |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Toni Kaye Romanus's ("Romanus") application for disability insurance benefits ("DIB"). Romanus filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Romanus filed an application for DIB and Supplemental Security Income ("SSI") on June 16, 2014, alleging disability beginning on February 7, 2014, which was later amended to September 9, 2015.[2] The Social Security Agency denied Romanus's claims

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] During the July 12, 2016 hearing, Romanus moved to amend her alleged onset date to September 9, 2015. Tr. 42.

1

initially, and her DIB claim was denied on reconsideration.[3] Romanus requested a hearing before an administrative law judge ("ALJ"), and ALJ John T. Molleur held a hearing on July 12, 2016.

The ALJ issued a decision on August 31, 2016, finding Romanus not disabled under the Social Security Act. Romanus requested Appeals Council review of the ALJ's decision. The Appeals Council denied Romanus's request for review, rendering the ALJ's decision the final decision of the Commissioner. On January 3, 2017, Romanus filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on September 25, 2017, recommending that this court affirm the ALJ's decision. Romanus filed objections to the R&R on October 10, 2017, to which the Commissioner responded on October 23, 2017. The matter is now ripe for the court's review.

### B. Medical History

Because Romanus's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Romanus was born on August 26, 1956, and was fifty-nine years old on the alleged onset date. She has a high school education and past relevant work experience as a merchandiser.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[3] On September 1, 2014, Romanus's claim for SSI was denied because her income exceeded the allowable limit. Tr. 95–100. The record does not indicate that Romanus pursued her SSI application on appeal; therefore, this action concerns only her DIB claim.

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents her from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both [her] remaining physical and mental capacities" (defined by her residual functional capacity) and her "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Romanus was disabled beginning September 9, 2015. The ALJ first determined that Romanus did not engage in substantial gainful activity during the period at issue. Tr. 22. At the second step, the ALJ found that Romanus suffered from the following severe impairments: seronegative rheumatoid arthritis and osteoarthritis of the hands and feet. Tr. 22–24. At step three, the ALJ found that Romanus's impairments or combination of impairments did not meet or equal one of the listed impairments in the

3

Agency's Listings of Impairments ("the Listings"). Tr. 24–26; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Romanus had the residual functional capacity ("RFC") to perform medium work as defined by the Social Security Act, with frequent fingering with the bilateral hands and frequent postural activities except for occasional climbing of ropes and ladders. Tr. 26. Specifically, the ALJ found that Romanus had the ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently, and stand, walk, and sit for six hours in an eight-hour workday. Tr. 26. The ALJ found at step four that Romanus was able to perform past relevant work as a merchandiser and that this work did not require the performance of work-related activities precluded by Romanus's RFC. Tr. 29. Therefore, the ALJ found that Romanus was not disabled from September 9, 2015, through the date of the decision. Tr. 29

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a

mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

### III. DISCUSSION

Romanus objects to the R&R on four grounds, arguing that the magistrate judge erred in finding that: (1) the ALJ properly considered her seronegative rheumatoid arthritis; (2) the ALJ properly found that her vertigo was not a severe impairment; (3) the ALJ properly considered Dr. Cain's opinions; and (4) the ALJ properly considered Romanus's credibility. Pl.'s Objs. 1–7. In opposition, the Commissioner contends that substantial evidence supports the ALJ's decision. Def.'s Resp. 3, 5, 6–7. The court will address each of the objections below.

#### A. Seronegative Rheumatoid Arthritis

In her first objection, Romanus claims that the magistrate judge erred in finding that the ALJ properly considered her seronegative rheumatoid arthritis. Pl.'s Objs. 1–3. Romanus contends that "the ALJ did not properly consider evidence regarding problems with her hands and feet, even if he can point to normal findings regarding her other

5

joints." Id. at 3. In opposition, the Commissioner contends that this argument is without merit, listing findings by consultative examiner Dr. Temisan L. Etikerentse ("Dr. Etikerentse"), Romanus's primary care physician Dr. Robert W. Cain ("Dr. Cain"), orthopedic surgeon Dr. Robert B. Lowery ("Dr. Lowery"), and rheumatologist Dr. William M. Edwards ("Dr. Edwards") to show that Romanus's seronegative rheumatoid arthritis and osteoarthritis of the hands and feet were not as severe as Romanus alleged. Def.'s Resp. 2 (citing Tr. 405–06, 441–44, 470–71, 495, 497, 501, 505, 542, 546).

The court agrees with the Commissioner. The magistrate judge properly rejected Romanus's argument that the ALJ ignored significant abnormalities in the joints of Romanus's hands and feet. See R&R 21. The magistrate judge comprehensively considered the evidence of record concerning Romanus's arthritis in her hands and feet and noted several examples from the record to show support of the ALJ's findings, R&R 21–22, just as the ALJ did by referring to Romanus's denial of joint pain to Dr. Etikerentse in July 2015, clinical findings by Dr. Etikerentse on same date specifically concerning her hands and feet, examination records by Drs. Edwards and Lowery noting tenderness in the relevant joints, and notes from Dr. Cain referring to "some fairly diffuse tenderness" in her foot and "some discomfort with walking." Tr. 27. Despite the evidence in the record concerning tenderness in Romanus's hands and feet, the magistrate judge properly stated that "the record contains little evidence of substantial abnormalities during the relevant period from [Romanus's] amended alleged onset date of September 9, 2015, to the date of the ALJ's decision." R&R 21. Clearly, based on the ALJ's findings limiting Romanus to medium work with no more than frequent fingering with the

bilateral hands and no more than frequent postural activities, the ALJ accounted for Romanus's arthritis in her hands and feet.

The court finds the ALJ's decision with respect to seronegative rheumatoid arthritis is supported by substantial evidence, albeit the arguments presented by Romanus. It is well settled that it is not the district court's responsibility to substitute its own judgment for that of the agency, and if the agency decision is supported by substantial evidence, then the reviewing court must affirm. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). It appears that Romanus is asking the court to reweigh evidence, but this is not the province of this court. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam); see also Luckey v. Astrue, 458 F. App'x 322, 326 (5th Cir. 2011) (per curiam) (citations omitted) (stating that "the ALJ, and not this Court, must decide what weight to give the proffered medical evidence[,]" and noting that claimant's request for the court to reweigh evidence and substitute judgment for that of the Commissioner "is neither our place nor our prerogative"). Therefore, Romanus's objection concerning her seronegative rheumatoid arthritis lacks merit.

**B.      Vertigo**

In her second objection, Romanus contends that the magistrate judge erred in finding that the ALJ adequately explained his determination that her vertigo was not considered a severe impairment. Pl.'s Objs. 3–4. Romanus argues that the magistrate judge's reasons for supporting the ALJ's decision—very limited treatment received by Romanus, no nystagmus, and denial of dizziness to Dr. Cain in September 2015—simply repeat the ALJ's reasoning without considering her argument that very few objective tests

7

exist for the evaluation and management of dizziness. Id. at 4. In response, the Commissioner argues that the "ALJ provided detailed reasons for why he found [Romanus's] vertigo to be a nonsevere impairment." Def.'s Resp. 3.

"An impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (citation omitted) (emphasis omitted). The ALJ acknowledged Romanus's vertigo diagnosis; however, he found that the record presented "insufficient evidence supporting a conclusion that [Romanus's] vertigo presented more than a minimal work-related functional limitation during the period at issue." Tr. 23. The evidence of record here provides that Romanus denied dizziness to Dr. Cain in September 2015, Romanus did not have nystagmus, and Romanus did not mention vertigo to Dr. Cain when she saw him in March 2016. Tr. 22–23. Romanus complained about her vertigo to Dr. Cain in May 2016; however, the record is without any objective findings concerning vertigo because Dr. Cain did not examine her with respect to this condition. Tr. 23. Romanus was prescribed Meclizine, as needed, but the record fails to reflect any further treatment measures or evaluation of the condition by a specialist. Tr. 470, 541, 559. Further, treatment notes reflect that Romanus's balance and gait were normal and that evidence has not been presented to show that Romanus was prescribed a cane or walker. Tr. 497, 505. The court finds that there is substantial evidence to support the Commissioner's conclusion that Romanus's vertigo was not severe, as there is no evidence that it significantly limited her physical ability to do work activities. Therefore, Romanus's second objection is without merit.

### C. Dr. Cain's Opinions

In her third objection, Romanus argues that the magistrate judge erred in finding that the ALJ properly considered the opinions of Dr. Cain. Pl.'s Objs. 4–6. Specifically, she claims that the ALJ did not consider the consistencies between Dr. Edwards's and Dr. Lowery's treatment notes and Dr. Cain's opinions, noting that the ALJ determined Dr. Cain's opinion concerning vertigo was inconsistent with treatment notes but that the ALJ made no determination about the supportability of Dr. Cain's opinion with respect to arthritis pain. Id. The court finds this argument to be without merit.

"Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians." Wooten v. Colvin, No. 4:15-cv-2119, 2016 WL 3912849, at *2 (D.S.C. July 19, 2016) (citing 20 C.F.R. § 404.1527(b)). "Known popularly as the 'Treating Physician Rule,' the regulation requires the Commissioner to 'evaluate every medical opinion we receive.'" Steele v. Colvin, No. 1:15-cv-2595, 2016 WL 6269585, at *1 (D.S.C. Oct. 26, 2016) (quoting 20 C.F.R. § 404.1527(c)). The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, the ALJ has the discretion to give less weight to the testimony of a treating physician if there is "persuasive contrary evidence." Hunter, 993 F.2d at 35 (citation omitted).

If the ALJ chooses to discredit the report of the treating physician, he must fully articulate the reasons for doing so. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). When a treating physician's opinion does not merit controlling weight, the ALJ

9

evaluates the opinion using the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527). The Fourth Circuit has not mandated that the ALJ expressly discuss each factor, and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. Civ. A. 1:09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up specious inconsistencies . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (citations omitted). "[E]ven where the treating physician's opinion is not entitled to 'controlling weight' because it is inconsistent with the other substantial evidence in the case record, the treating physician's opinion should not be wholly rejected." Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process[,]" and courts have remanded cases "where the reasoning for the [ALJ's] conclusion is lacking and

therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (citation omitted).

In the instant case, the ALJ accorded no significant evidentiary weight to Dr. Cain's opinions, finding them unsupported by substantial evidence. Tr. 28. The court finds that the ALJ sufficiently explained his reasons for discounting the value of Dr. Cain's opinions. "An ALJ may reduce the weight given to a treating physician's opinion where the opinion is not supported by the physician's own records or other available records." Davis v. Berryhill, No. 8:15-cv-2991-DCN, 2017 WL 1130054, *5 (D.S.C. Mar. 27, 2017) (citing Wooten, 2016 WL 3912849, at *4). Contrary to Romanus's argument, as the R&R ably notes, the record provides ample evidence of inconsistencies between Dr. Cain's opinion and other physicians' and examiners' opinions as to whether the limitation of medium work with frequent fingering and postural activities is appropriate in this case. See R&R 29; see e.g., Tr. 27 (In July 2015, Romanus denied joint pain to Dr. Etikerentse); id. at 28 (In July 2015, Dr. Etikerentse noted that Romanus did not have significant synovitis or joint deformities of her hands and did not have joint effusion or deformity of her feet. In addition, he noted that Romanus was able to open a wash solution bottle without difficulty); id. (Romanus's April 2016 examination with Dr. Lowery revealed some mild swelling to the right foot and tenderness over the mid-foot region, however, he found her neurovascularly intact). The court finds the ALJ's analysis consistent with the Treating Physician Rule; thus, Romanus's objection is without merit.

### D. Credibility

Finally, Romanus claims that the magistrate judge erred in determining that the ALJ's credibility findings were based on substantial evidence. Pl.'s Objs. 6–7. In

particular, Romanus contends that it is not clear that the ALJ properly considered her daily activities and that he failed to explain how her daily activities were consistent with full-time, medium work. Id. at 7. In response, the Commissioner contends that substantial evidence supports the ALJ's credibility determination. Def.'s Resp. 6–7.

The ALJ considered Romanus's testimony concerning the intensity, persistence, and limiting effects of her symptoms and determined that it was "not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 28. Specifically, the ALJ found Romanus's complaints conflicted with Romanus's statements to her physicians, evidence from her medical sources, the fact that she was working part-time, indications that her condition was amendable to treatment, and her activities of daily living.[4] See e.g., Tr. 22 (Romanus denied dizziness to Dr. Cain in September 2015); Tr. 27 (Romanus denied joint pain to Dr. Etikerentse in July 2015); id. (Dr. Etikerentse stated Romanus had no edema in July 2015 and that she had no significant synovitis or joint deformities of her hands and no joint effusion or deformity of her feet); id. (In July 2015, Dr. Edwards noted that Romanus showed a normal musculoskeletal exam but for some tenderness in the joints of her hands and feet); id. (Dr. Lowery observed some mild swelling and tenderness in Romanus's right foot, but found her to be neurovascularly intact and recommended treatment through orthotics, which she had not been fitted for when she presented to Dr. Cain one month later).

As stated above, Romanus contends that the ALJ failed to show how her daily activities are inconsistent with disability. Pl.'s Objs. 7. However, even if Romanus's

---

[4] The ALJ noted Romanus's "typical day included performing household chores, cooking with her husband, and watching television[,]" and that she was "capable of bathing, dressing, cooking, and driving independently." Tr. 23.

argument were correct, the court finds that the ALJ's reference to her daily activities remains harmless as there is substantial evidence in the record, which is clearly outlined in the ALJ's decision supporting his determination that Romanus is not disabled. Hose v. Colvin, 1:15CV00662, 2016 WL 1627632, at *6 (M.D.N.C. Apr. 22, 2016) (citing Johnson v. Comm'r of Soc. Sec., 535 F. App'x 498, 507 (6th Cir. 2013)) ("[E]ven if an ALJ's adverse credibility determination is based partially on invalid reasons, harmless error analysis applies to the determination, and the ALJ's decision will be upheld as long as substantial evidence remains to support it."). Therefore, Romanus's objection concerning credibility lacks merit.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 30, 2017**
**Charleston, South Carolina**